UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DAVID EUGENE MORRISON,      )
          )
    *Plaintiff,*      )
          )
v.          )      No. 1:12-CV-363
          )      *Judge Curtis L. Collier*
WARDEN PAUL JENNINGS,      )
MS. SHEPPARD (C.C.A. Medical Director) )
BILL WILSON (C.C.A. Physician's      )
Assistance),      )
          )
    *Defendants*.      )

## MEMORANDUM

Plaintiff David Eugene Morrison ("Plaintiff") is an inmate at the Georgia Diagnostic and Classification Prison in Jackson, Georgia. Plaintiff, a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 1) and an application to proceed *in forma pauperis* (Court File No. 3).

The Court liberally construes the complaint, as it is required to do. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*) (A *pro se* complaint, however inartfully pleaded, should not be dismissed for failure to state a claim if the allegations are sufficient "to call for the opportunity to offer supporting evidence"). Plaintiff asserts: "My claim is no medical attention when I had siminiall [sic]/and colnitis [sic], and being placed in harms way for almost two years at silverdale." (Court File No. 1). Plaintiff requests compensation for physical and mental pain and suffering.

For the reasons discussed below, Plaintiff's complaint will be **DISMISSED** (Court File No. 1) and his motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 3).

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Although it appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00, he is not relieved of the ultimate responsibility of paying the $350.00 filing fee (Court File No. 3). Thus, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED IN PART** and **DENIED IN PART** (Court File No. 3). It is **GRANTED** to the extent Plaintiff is permitted to file his complaint without prepayment of the full filing fee but **DENIED** to the extent that he is not relieved of the ultimate responsibility of paying the $350.00 filing fee as he will be assessed the fee and required to make the payment in installments. Since Plaintiff is a prisoner in custody at the Georgia Diagnostic and Classification Prison, in Jackson, Georgia, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Plaintiff **SHALL** pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides **SHALL** submit to the Clerk, United States District Court, 900 Georgia Avenue, Chattanooga, TN 37402, as an initial partial payment, whichever is the greater of

> (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or
>
> (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Plaintiff's preceding

2

monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and the Custodian of Inmate Accounts at the Georgia Diagnostic and Classification Prison, the Commissioner of the Georgia Department of Corrections, the Attorney General for the State of Georgia, and the Court's Financial Deputy to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff **SHALL** continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid. Plaintiff is **ORDERED** to provide the prison officials at any new institution with a copy of this order.

## II.    PLAINTIFF'S ALLEGATIONS

The complaint contains the following allegations. Plaintiff was very sick on October 17, 2012, and in some unidentified manner he notified "medical" he was suffering with abdominal pain and blood in the stool. On October 24, 2012, Plaintiff spoke to Officer Mays who went to medical and spoke with Defendant PA Bill Wilson ("PA Wilson"). Plaintiff was subsequently called to medical and PA Wilson performed a rectal exam on him and told him to stop taking the "naproxon pain meds" he had previously prescribed him. At approximately 6:00 p.m. on that date, Plaintiff was taken to the emergency room. Plaintiff was admitted to the hospital and given antibiotics and pain medication. Although difficult to decipher, as the number is virtually illegible, it appears he was

3

in the hospital for 5 days.  While there, Plaintiff had an upper and lower GI exam.  Although he was still in pain and had diarrhea, he was released and no meds were given upon returning to CCA. Plaintiff further claims "No medical attention when I had siminiall [sic] and colnitis [sic]."  Plaintiff left CCA on October 31, 2012.

Plaintiff also alleges he was put in harm's way for two years while he was housed in a gang unit at CCA.

## III.    SCREENING

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim.  28 U.S.C. § 1915(e)(2) and § 1915A.  When performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.  89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

During the screening process, the Court is mindful that where a deficiency in the complaint is able to be cured, Plaintiff shall be permitted to amend his complaint to cure such deficiency. *See LaFountain v. Harry,* ___ F.3d ____, 2013 WL 2221569 (6th Cir. May 22, 2013) (overruling *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997) to the extent that *McGore* held that when the PLRA required dismissal of a prisoner's claim, a district court could not grant leave to amend, and vacating and remanding the district  court's dismissal of some claims to determine whether to

4

allow LaFountain to amend his complaint which was dismissed pursuant to the PLRA screening).

However, a complaint must contain more than "labels and conclusions, and a formulaic recitation

of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right

to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555 (citations

omitted).

## IV.     COMPLAINT

At the outset, the Court is compelled to address two bald claims made by Plaintiff that are

not alleged against any specific defendant. First, Plaintiff's claim of "[n]o medical attention when

I had siminiall [sic]/and colnitis [sic]" is contradicted by his assertions that PA Wilson examined

him and advised him to stop taking medication the physician's assistant had previously prescribed.

In addition, Plaintiff's assertions that he was hospitalized and treated clearly contradict his claim of

"[n]o medical attention[.]" Consequently, Plaintiff clearly received medical attention. Thus this

allegation fails to state a credible claim of deliberate indifference under the Eighth Amendment.

Additionally, Plaintiff's claim that he was housed in a gang unit fails to state a constitutional

violation. Plaintiff does not claim he suffered any harm as a result of his housing conditions in the

gang unit. To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must

allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*,

435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*,

952 F. Supp. 1318, 1321 (S.D. Ind. 1997), *aff'd* 133 F. 3d 459 (7th Cir. 1997). Moreover, on April

26, 1996, Congress enacted the Prison Litigation Reform Act (PLRA) which includes a number of

provisions limiting civil litigation filed by prisoners. The applicable provision to the instant action

is 42 U.S.C. § 1997e(e), entitled "Limitation on Recovery." Section 1997e(e) provides that "[n]o

5

Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Therefore, Plaintiff is not permitted to recover damages under § 1997e(e) based on his claims for recovery for custodial pain and suffering damages without a corresponding claim of a physical injury. Because Plaintiff has not alleged a physical injury as a result of being housed in the gang unit at CCA-Silverdale, he cannot recover damages for pain and suffering. *See Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir.1997) (holding that Plaintiffs not claiming damages for physical injury were not permitted to recover under § 1997e(e)).

The Court now turns to the specifically named defendants. Although the complaint fails to assert any specific claims against the individuals named as defendants in this case, the Court will address their liability.

### A.      Warden Paul Jennings

Warden Paul Jennings ("Warden Jennings" or "Warden") has been named as a Defendant in this action presumably because he is over the correctional institution in which Plaintiff was housed when he was allegedly denied medical care and housed in a gang unit. Plaintiff does not allege any personal involvement on the part of Warden Jennings in any supposed constitutional deprivation. Indeed, the Warden is not even mentioned in the statement of the claim. Therefore, it appears Plaintiff seeks to impose supervisory liability on the Warden. Section 1983 liability, however, must be based on more than *respondeat superior,* or a defendant's right to control employees. *Monell v. Dep't of Soc. Serv. of NY*, 436 U.S. 658 (1978); *Street v. Corr. Corp. of Am.*, 102 F.3d 810 (6th Cir. 1996) (recognizing defendant, a private corporation, could not be held liable

6

under § 1983 on a *respondeat superior* or vicarious liability basis).  Consequently, Plaintiff's failure

to assert any allegations of unconstitutional conduct on the part of the Warden or his authorization

of such conduct has resulted in his failure to state a constitutional violation against this defendant.

Plaintiff has failed to allege a constitutional violation by any of the named defendants or any

constitutional violation.  Absent any showing Warden Jennings authorized, approved, or knowingly

acquiesced in an alleged wrongdoing of any CCA official or the other two named defendants,

Plaintiff has failed to state a § 1983 claim against the Warden, and he is subject to being dismissed

from this lawsuit.  Accordingly, because Plaintiff's claim against the Warden lacks an arguable basis

in law or fact, the claim is frivolous and fails to state a claim upon which relief may be granted.  28

U.S.C. §§ 1915(e) and 1915A.

### B.       Medical Director Sheppard ("Ms. Sheppard")

Plaintiff has named CCA's Medical Director, Ms. Sheppard, as a defendant in this action,

presumably because she was over the medical unit at CCA when Plaintiff was housed there.

Plaintiff does not allege any personal involvement on the part of Ms. Sheppard in any supposed

constitutional deprivation.  Indeed, Plaintiff has failed to make any allegation against this defendant

in the statement of the claim.  Therefore, it appears Plaintiff seeks to impose supervisory liability

on Ms. Sheppared.  As previously noted, however, § 1983 liability must be based on more than

*respondeat superior,* or a defendant's right to control employees.  *Monell v. Dep't of Soc. Serv. of*

*NY*, 436 U.S. 658 (1978); *Street v. Corr. Corp. of Am.*, 102 F.3d 810 (6th Cir. 1996) (recognizing

defendant, a private corporation, could not be held liable under § 1983 on a *respondeat superior* or

vicarious

7

liability basis).  Plaintiff's failure to assert any allegations of unconstitutional conduct on the part

of Ms. Sheppard or her authorization of such conduct is fatal to his claim against her.

In sum, aside from the fact that Plaintiff has failed to allege a constitutional violation by any

of the named defendants or any CCA employee, absent any showing that Ms. Sheppard authorized,

approved, or knowingly acquiesced in the alleged wrongdoing, Plaintiff has failed to state a § 1983

claim against Ms. Sheppard, and she is subject to dismissal from this lawsuit.  Accordingly, because

Plaintiff's claim against Ms. Sheppard lacks an arguable basis in law or fact, the claim is frivolous

and fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) and 1915A.

### C.  Physician's Assistant Bill Wilson ("PA Wilson")

The last defendant named by Plaintiff is PA Wilson.  Plaintiff claims PA Wilson treated him

on October 24, 2012.  At that time, PA Wilson examined Plaintiff's rectum and took him off

"Naproxon pain meds" which he had previously prescribed.  Later that day Plaintiff was transported

and treated at a hospital where he received antibiotics and pain medication.  It appears Plaintiff was

in the hospital for five days and during that time he was administered a lower and upper GI exam.

Plaintiff's assertion fail to state a claim or provide any factual allegations from which the Court can

infer PA Wilson violated his constitutional rights.  Even inferring Plaintiff is contending his medical

condition was caused by the medication previously prescribed by PA Wilson, a claim of improper

or inadequate medical care under these circumstances is insufficient to amount to a constitutional

violation.

A prison authority's deliberate indifference to an inmate's serious medical needs violates the

Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97 (1976).  An Eighth Amendment claim has both

an objective and a subjective component.  *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).  The

8

objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id*. The subjective component requires a showing that a defendant possessed the state of mind of deliberate indifference. *Id.* at 842. A plaintiff establishes deliberate indifference by demonstrating that defendants were aware of facts from which they could infer that such a risk existed and that they actually drew that inference. *Id.* at 837. Nonetheless, a prison official who takes reasonable measures to abate the risk avoids liability, even if the harm ultimately is not averted. *Id*. at 835-36. "Deliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and internal quotation marks omitted).

Generally, once a prisoner has actually been given treatment and the dispute is over the adequacy of such treatment, such dispute does not state a cognizable § 1983 claim. *Estelle v. Gamble*, 429 U.S. at 105-06. Even if the medical personnel's opinion is inaccurate and treatment is unsuccessful, mere negligence or allegedly poor medical judgment does not constitute cruel and unusual punishment. *Id.* at 106. Therefore, where a prisoner receives medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Similarly, a viable Eighth Amendment claim is not stated by allegations that a medical condition has been negligently diagnosed or treated, as the mere fact that the victim happens to be a prisoner does not convert it to a constitutional violation. *Estelle,* 429 U.S. at 106. In other words, negligence is not actionable under the Eighth Amendment. Ordinary medical malpractice–malpractice that consists of negligent treatment–is not cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. at 106. However, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (internal punctuation and

9

citation omitted); *see also Estelle*, 429 U.S. at 103 ("[D]enial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.").

Plaintiff simply does not assert a claim against PA Wilson. Even assuming Plaintiff is claiming that the medication prescribed to him by PA Wilson resulted in the stomach pains and blood in the stool, such a claim amounts to, at most, an assertion of medical negligence or malpractice. This type of allegation fails to state a viable claim for relief under § 1983, as *Estelle* instructs that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 106.

The record clearly indicates Plaintiff received medical treatment, and the propriety of a certain course of medical treatment is not a proper subject for § 1983 review. Determining which medication to give a patient is a classic example of a matter for medical judgment as to the appropriate course of treatment. Exercising his professional judgment, PA Wilson made the decision to prescribe certain medication and once Plaintiff exhibited the alleged symptoms, he advised him to quit taking the medication and subsequently sent him to the emergency room. Accepting as true all of Plaintiff's allegations, there is simply nothing indicating PA Wilson was deliberately indifferent to his serious medical needs.

Plaintiff has failed to establish a claim of deliberate indifference on the part of PA Wilson in relation to the medical treatment he provided Plaintiff. Accordingly, Plaintiff's claim against PA Wilson will be **DISMISSED** for failing to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e) and 1915A.

10

## V.     CONCLUSION

Plaintiff has failed to allege that any named Defendant violated his constitutional rights or allege any constitutional violation.  Moreover, his narrative regarding his medical treatment clearly demonstrates none of the named Defendants were deliberately indifferent to his serious medical needs.  In addition, his bald claim that he was housed in a gang unit fails to state a constitutional violation.  Therefore, Defendants are entitled to have Plaintiff's complaint against them dismissed.

Accordingly, Plaintiff's complaint will be **DISMISSED** *sua sponte* in its entirety for failure to state a claim upon which relief may be granted (Court File No. 1), 28 U.S.C. § 1915(e), and his motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 3).

An appropriate judgment order will enter.


**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

11